[Civ. No. 1942. First Appellate District.—September 15, 1916.]

E. O. REESE, Respondent, v. G. B. AMIGO COMPANY (a Corporation), Appellant.

SALE OF PRODUCE—PLACE OF DELIVERY AND ACCEPTANCE—EVIDENCE.— In an action to recover the price of certain produce alleged to have been sold and delivered to the defendant pursuant to the terms of a written contract, which designated the place of delivery and acceptance as different from the place of shipment, the admission of proof that prior to and at the time of such shipment the authorized agent of the defendant approved and accepted such produce at the point of shipment does not constitute a variance of the terms of the writing by parol, but amounts to evidence of a waiver of such provision of the contract upon the part of the defendant.

ID.—AUTHORITY OF AGENT—CONFLICT OF EVIDENCE—APPEAL.—Where the evidence is conflicting as to whether the person who acted for the defendant was the duly authorized agent for the purpose of accepting the produce at the point of shipment, the finding of the trial court on such issue is conclusive on the appellate court.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Chas. A. Lee, and Everts & Ewing, for Appellant.

Short & Sutherland, and Carl E. Lindsay, for Respondent.

THE COURT.—This is an appeal from the judgment and order denying the defendant's motion for a new trial.

The plaintiff, acting for himself and also for two other persons of whom he was the assignee, brought this action against the defendant to recover the contract price of certain Zinfandel grapes alleged to have been sold and delivered to the defendant in September, 1913, pursuant to the terms of three contracts for the purchase of said grapes for that year entered into between the plaintiff and his assignors respectively and the defendant herein, by the terms of which the plaintiff and his assignors agreed to sell and deliver to the defendant first crop Zinfandel grapes, which were to be raised in the county of Fresno and shipped from Kerman, in said county, to said defendant in the city and county of San Francisco, which was designated as the place of delivery and acceptance of said produce. These contracts were made with the plaintiff and his assignors on behalf of the defendant by one Carl A. Heijne, who was the duly authorized agent of the defendant for the purpose of making said contracts. When the first carloads of said grapes arrived in San Francisco they were rejected by the defendant, which refused to receive them as first crop grapes, or to pay for them under said contracts, and refused to receive any more grapes of a like quality; whereupon the plaintiff and his assignors sold the remainder of their crop of grapes to other persons, and then brought this action for the price of the grapes shipped to the defendant as aforesaid.

Upon the trial of the cause the court found that the carloads of grapes so shipped were first crop Zinfandel grapes of the quality required by the terms of said contracts; and also found that the defendant had accepted said grapes as such at Kerman at the time of their shipment from that point, and thereupon rendered judgment in favor of the plaintiff. From an order denying the defendant's motion for a new trial, it has prosecuted this appeal.

The first contention of the appellant is that the court erred in the admission of evidence tending to show that Carl A.

Heijne continued to act as the authorized agent of the defendant up to and including the time of the shipment of said grapes, and tending to show that prior to and at the time of said shipment said Heijne, purporting to act as the duly authorized agent of the defendant, had approved the quality of said grapes and accepted them as sufficient under the contract at the point of their shipment. It is the appellant's contention that this proof tended to vary the terms of the written contracts between the parties, which provided that the place of delivery and acceptance of said grapes should be the city and county of San Francisco. We are of the opinion, however, that such would not be the effect of the introduction of such evidence, but that the proofs thus adduced would simply amount to evidence of a waiver on the part of the defendant of the provisions of its contracts with regard to the place of delivery and acceptance of the grapes. We are of the opinion that the defendant might, through its duly authorized officers or agents, have accepted and received said produce at Kerman instead of requiring that they be delivered at San Francisco, and that the place of acceptance should be there. The only question, therefore, presented on the record is as to whether said Carl A. Heijne was the duly authorized agent of the defendant for the purpose of acceptance of said produce at Kerman. Upon this subject the evidence is clearly conflicting, with the preponderance rather in favor of the view that Heijne acted as the agent of the defendant throughout the cropping season, and that his ostensible authority was such as would have entitled him to have bound the defendant by his approval and acceptance of the grapes at the place of their shipment. This being so, the finding of the court to the effect that the goods were delivered and accepted at Kerman will not be disturbed.

The appellant further contends that the evidence in the case is insufficient to show that the grapes were first crop and of the quality required by the contracts in question; but as to that matter also the evidence is in conflict, and for that reason this further finding of the court will not be disturbed.

The final contention of the defendant is that there was a conspiracy between Heijne and the plaintiff and his associates, by which unmarketable grapes were to be shipped to the defendant and the contract thus violated, so as to enable the plaintiff and his associates to evade it and sell the re-

mainder of their crop at a higher price upon a rising market. This defense does not appear to have been pleaded nor in fact presented upon the trial of the cause in the lower court; but aside from this, we do not think the evidence is sufficient to sustain the appellant's contention.

The judgment and order are affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 14, 1916.